IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CONTINENTAL WESTERN INSURANCE
COMPANY,

                Plaintiff,

  v.

CHARLOTTE MILLARD and
ESTATE OF LAWRENCE W. MILLARD,

                Defendants.

ORDER

16-cv-590-jdp

---

    Lawrence W. Millard was a volunteer firefighter with the Endeavour-Moundville Fire Department. On December 11, 2015, he responded to a motor vehicle accident. While at the scene, a motor vehicle struck and killed him. Plaintiff Continental Western Insurance Company (CWIC) has filed suit against defendants Charlotte Millard and the Estate of Lawrence W. Millard, seeking a declaration that an insurance policy that CWIC issued to the Endeavour-Moundville Fire Department does not provide underinsured motorist coverage to defendants for Mr. Millard's wrongful death.

    CWIC alleges that the court may exercise subject matter jurisdiction over this case on the basis of diversity, pursuant to 28 U.S.C. § 1332(a). But because the allegations in the complaint are insufficient to determine whether diversity jurisdiction actually exists, the court will direct CWIC to file an amended complaint containing the necessary allegations.

    "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must

dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802-03.

Here, CWIC alleges that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are citizens of different states. Dkt. 1, ¶ 5. But CWIC's allegations regarding defendants' citizenships are insufficient to allow the court to determine whether this is the case.[1]

CWIC alleges that Charlotte Millard is a Wisconsin "resident." *Id.* ¶ 3. But this allegation does not establish Ms. Millard's citizenship. "Residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile." *Lake v. Hezebicks*, No. 14-cv-143, 2014 WL 1874853, at *1 (N.D. Ind. May 9, 2014) (citing *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002)).

Regardless, it is unclear whether Ms. Millard is joined in her personal capacity or as legal representative of the estate, in which case her citizenship would be the same as the decedent's. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]"). CWIC alleges that the Estate "was opened on January 4, 2016 in Marquette County, Wisconsin, . . . with defendant Charlotte Millard appointed personal representative[.]" Dkt. 1, ¶ 4. "[A]fter enactment of § 1332(c)(2), it is clear that the decedent's domicile, not the beneficiaries' or

---

[1] CWIC alleges that it is an Iowa insurance corporation and that its principal place of business is in Iowa. Dkt. 1, ¶ 2. These allegations establish that CWIC is a citizen of Iowa.

the personal representative's, is relevant for diversity purposes, . . . in the case of estates of deceased persons[.]" *Yarber v. Mehta*, No. 06-cv-1018, 2007 WL 1169699, at *2 (S.D. Ill. Apr. 18, 2007); *see generally Gustafson v. zumBrunnen*, 546 F.3d 398 (7th Cir. 2008).

The court will direct CWIC to file an amended complaint that contains allegations sufficient to determine defendants' citizenships. CWIC will need to properly and explicitly plead the decedent's citizenship (and, as a result, the estate's citizenship), and CWIC will need to clarify whether it has joined Charlotte Millard in her capacity as legal representative of the estate.

ORDER

IT IS ORDERED that:

1. Plaintiff Continental Western Insurance Company may have until September 23, 2016, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered September 9, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge